**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ricardo QUINONES–GUTIERREZ,**
**Defendant–Appellant.**

No. 04–10690.

D.C. No. CR–04–00477–FRZ.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Oct. 21, 2005.

Decided Dec. 22, 2005.

Daniel Jon Santander, AUSA, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Harriette P. Levitt, Esq., Tucson, AZ, for Defendant–Appellant.

Before WALLACE, TROTT, and RYMER, Circuit Judges.

## MEMORANDUM *

Quinones–Gutierrez appeals from his conviction following a jury trial for illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326(b). We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand for a new trial.

A defendant is entitled to have the judge instruct the jury on his theory of the case, provided that the theory is supported by law and has sufficient factual foundation. *See United States v. Fejes,* 232 F.3d 696, 702 (9th Cir.2000). If the parties dispute whether the required factual foundation is present, we review for an abuse of discretion. If we find that the defendant's theory of the case is supported by sufficient evidence, we then review de novo whether the district court's instructions adequately cover the theory. *See United States v. Bello–Bahena,* 411 F.3d 1083, 1088–89 (9th Cir.2005).

In this case, the district court erred in refusing to give an instruction on official restraint. Quinones–Gutierrez's testimony, if believed by the jury, would have established a basis for finding official restraint. *See Bello–Bahena,* 411 F.3d at 1091. Accordingly, in finding that there was no factual basis for an instruction, the district court abused its discretion.

Additionally, the instructions given to the jury did not otherwise cover Quinones–Gutierrez's defense theory. The instructions made no mention of official restraint

or constant surveillance, or of the burden of proof with regards to that issue.

REVERSED AND REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

